\* EDWARD WOOD, Executor, etc., Appellant, v. KAROLINE
KROLL and Others, Respondents.

*Irregularities in the substituted service of a summons upon an infant in an action of
foreclosure — right of the plaintiff to have the judgment and sale set aside in order
to enable him to again serve the infant — the purchaser need not be made a party
to the action — money received from a party in possession after the first judgment
was vacated must be applied on the mortgage — failure of an attorney to return an
affidavit taken from the clerk's office — how he should be compelled to produce it.*

The premises described in the mortgage, to foreclose which this action was
brought, were sold under a judgment entered herein in June, 1880, to the
plaintiff, who, on August 13, 1882, sold them to one Bechstein. In the latter
part of the year 1882 one of the infant defendants in the foreclosure suit
presented to the court a petition, in which the others afterwards joined,
objecting to the regularity of, or authority for an order permitting a substi-
tuted service of the summons to be made, and asking that the order be set
aside. In that proceeding, to which the purchaser, but not the plaintiff, was
made a party, the court confirmed a report of a referee and denied the
application. Thereafter the plaintiff obtained and entered an order vacating
and setting aside the judgment and the deed to him, without prejudice to all
proceedings had prior to the application for judgment, as against all the
defendants who were then adults, with leave to the plaintiff, or his grantee,
to take such further proceeding as he might be advised against the infant
defendants. By virtue of this authority, another service of the summons
was made upon the infant defendants, who were properly brought into the
action and answered therein, and thereafter the usual judgment of foreclosure
and sale was entered.

Upon an appeal from this judgment, it was claimed that the purchaser, Bech-
stein, should have been made a party to the action.

*Held,* that as the service of the summons upon the adult defendants was clearly
regular, and the substituted service upon the infants was not vacated, the
action was still pending when the additional service was made, and even
though Bechstein had by his conveyance secured a transfer of the mortgage,
it could still be afterwards regularly prosecuted and continued in the name of
the original plaintiffs, under the authority of section 756 of the Code of Civil
Procedure.

It appeared that the widow of the mortgagor, with her family, remained in the
possession of the mortgaged property after the sale and conveyance to the
plaintiff, and up to and subsequent to the time of the conveyance to Bech-
stein. During that period the plaintiff received from her moneys amounting
to $1,123,75, over and above commissions paid for collecting the same. By the

\* Decided January 9, 1885.

judgment, the plaintiff was allowed to recover interest upon the mortgage to June 4, 1884, the date of the entry of final judgment.

*Held,* that as the first judgment was vacated, and the plaintiff's title to the premises under the sale was annulled, the money received by him from the widow should be treated as received on the mortgage, and should be applied in reduction of the amount due thereon.

Upon the adjustment of the costs, the plaintiff was allowed the referee's fees on the reference of the application made by the infants to vacate the judgment and set aside the substituted service of the summons.

*Held,* that as the plaintiff was not a party to that proceeding, and as the costs were neither incurred nor paid by him, he was not entitled to recover them.

———

Upon a motion to compel the plaintiff to restore the amount by which the judgment had been reduced by the General Term, a reference was ordered to determine as to the validity and justice of that claim. Because of the failure of the plaintiff's counsel to produce and restore to the files an affidavit made by the counsel for the respondents, stating facts bearing upon the merits of the application for restitution, an order was made staying all proceedings pending before the referee, if the defendants should so elect, until the plaintiff's attorney herein should have returned the affidavit to the clerk of the court and obtained his receipt therefor.

*Held,* that the order should be reversed, as it in no manner tended to promote a just disposition of the controversy between the parties, but simply suspended their rights and excluded the possibility of determining them without any probable prospect of compelling a production of the affidavit.

That if the affidavit was important as evidence, its production should be compelled by the issue and service of a subpœna *duces tecum,* directing the person on whom it should be served diligently to search for and produce the paper before the referee; and if he failed so to do, and an examination satisfied the referee or court that the affidavit was in his possession, then it would oblige him to produce it upon the hearing.

APPEAL from a judgment recovered on a trial at Special Term, and from an order denying a motion for the readjustment of costs.

*Edward P. Wilder, Abner C. Thomas* and *William R. Wilder,* for the appellant.

*L. A. Gould,* for the respondent.

DANIELS, J.:

The action was brought and prosecuted for the foreclosure of a mortgage executed by Heinrich Kroll, in his lifetime, upon premises situated in the city of New York. It was commenced in September, 1879, and resulted in a judgment in the following month of

November, for the sale of the mortgaged property. The sale took place in January, 1880, at which the plaintiff became the purchaser. He held the title acquired by the deed until the 18th of August, 1882, when he sold and conveyed the premises to Augustus C. Bechstein. In the latter part of the fall of the same year one of the infant defendants presented to the court a petition, in which the others afterwards joined, for an order vacating an order permitting substituted service of the summons and objecting to the regularity or authority exercised in making the order. The plaintiff in the action was not made a party to this proceeding, but it was brought against Beckstein the purchaser. A reference was made of the subject-matter of the application to a referee who heard the testimony and reported against it, and that report was sanctioned by the court. After that had taken place the plaintiff voluntarily obtained and entered an order vacating and setting aside the sale under the judgment in the action, the judgment itself and the deed by which the property had been conveyed by the referee in pursuance of the sale to the plaintiff. But this was declared by the order to be without prejudice to all proceedings had prior to the application for judgment, as against all of the defendants who were then adults, and with leave to the plaintiff or his grantee, to take such further proceedings as he might be advised against the infant defendants. By virtue of this authority another service of the summons was made upon the infant defendants. They were properly brought into the action by such service, even if they had not been before, and the proceedings against them afterwards were entirely regular. They have been objected to in some respects as informal, but the informalities, conceding them to exist, in no manner impaired or affected the judgment in the action. If advantage had been intended to be taken of the alleged informalities, it should have been by way of motion, and cannot now be urged in support of either of these appeals. Under this order the defendants answered the complaint, and by their answers presented issues which were tried and disposed of at the Special Term.

One of the points urged in support of the appeal is that Bechstein, who took the conveyance of the property from the plaintiff, should have been made a party to the action. But as the service of the summons upon the two adult defendants was clearly regular,

and the substituted service upon the infant defendants was not vacated or set aside by the order, but that had been confirmed by the action of the court, it is to be assumed that the action was pending against all the defendants at the time when this order was entered, and that the additional service personally made upon the infants of the summons was to remove any possible ground of alleged irregularity in the service previously made. It did not supersede that service, but at the time when the summons was last served the action was still pending, and even though Bechstein, by the conveyance to him, had secured a transfer of the mortgage, the action could still afterwards be regularly prosecuted and continued in the name of the original plaintiff, under the authority of section 756 of the Code of Civil Procedure. This has provided, in case of a transfer of interest, that the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted in the action or joined with the original party, as the case may require. No order of this description was obtained, and the action could, therefore, regularly be maintained in the name of the plaintiff. As the judment in the action, the sale made under it, and the referee's deed, had been wholly vacated, Bechstein by no possibility could have acquired more under the conveyance to him from the plaintiff than an interest in the mortgage, which, under this section, might be regularly prosecuted to a judgment, decree and sale, notwithstanding the existence of that interest.

It did appear that the widow of the mortgagor, with her family, remained in the possession of the mortgaged property after the sale and conveyance to the plaintiff, and up to and subsequent to the time when the deed was made to Bechstein. During that period of time the plaintiff received, by monthly payments from the widow, the sum of $1,123.75, over and above commissions paid for the collection of the amount. By the judgment, which was finally recovered upon the trial in the plaintiff's favor, interest was allowed to him upon the mortgage to the 4th of June, 1884, of which date the judgment was finally entered, although in fact the roll was not filed until the twenty-first of the following month of July. The amount so collected by the plaintiff from the widow was not deducted from the mortgage debt and interest, and in the omission to make that deduction there seems to have been a clear error in

the disposition of the case. As the first judgment was vacated, and the plaintiff's title to the premises under the sale was annulled, this was so much money received by him, as mortgagee, in the way of rents, or profits, of the premises; and he clearly could not claim to hold this sum of money received in that manner and at the same time recover interest upon the mortgage debt. The latter was all that he was entitled to in the action, and this sum of $1,123.75 should have been deducted as so much money received by him upon the mortgage. Evidence was given of the payment of taxes by the plaintiff, but as no specific amount was mentioned or proven no foundation was presented for deducting from this sum of money the sums which may have been paid by the plaintiff on account of taxes. The error in omitting to make the deduction of this money from the mortgage debt requires that the judgment shall be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff shall, in twenty days after notice of the decision, stipulate to deduct this sum, together with such an amount of interest as may be included in the judgment on the like amount, from the time when the deduction should have been made. If such stipulation shall be given, then the judgment as so modified should be affirmed, without costs of the appeal to either party.

Upon the adjustment of the costs in the action the plaintiff was allowed the referee's fees on the reference of the application, made to vacate the judgment and set aside the substituted service of the summons, amounting to the sum of $210. The plaintiff was not a party to that proceeding. It was brought against Bechstein, the purchaser, and whatever costs or disbursements were recoverable in that proceeding were in his favor. These fees, as the facts were shown, were neither incurred nor paid by the plaintiff. He was under no obligation or liability for their payment, and should not have been permitted to include them in the bill of costs adjusted in the action. The fees allowed for the attendance of the two witnesses, although they were not sworn, may not be specially objectionable, inasmuch as the omission to swear them may be inferred, from the course of the trial, to have arisen from the fact that oral evidence was not produced on the part of the defendants to maintain either of their defenses. The fees allowed for the search do not seem to have been improper. They may very well

have been incurred, as they probably were, in obtaining the information necessary to prosecute the action for the foreclosure of the mortgage. The referee's fees should not have been allowed, but the right of the plaintiff to the other disbursements, to which objections have been made, does not appear to be seriously questionable. But to correct the order and the adjustment it should be reversed, with ten dollars costs, besides disbursements to the appellants, unless within the period already mentioned the plaintiff shall stipulate to deduct these fees from the adjusted bill of costs, and if such stipulation be served then the order, as so modified, should be affirmed, without costs of the appeal to either party.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event, unless plaintiff shall, in twenty days after notice of decision, stipulate to deduct amount specified with interest. If such stipulation be given then judgment, as so modified, affirmed, without costs to either party. Order reversed, with ten dollars costs and disbursements to appellant, unless, within the period mentioned, plaintiff shall stipulate to deduct fees stated in opinion from adjusted bill of costs. If such stipulation be served, then order, as so modified, affirmed, without costs to either party.

\* APPEAL from an order staying proceedings, upon a reference made on a motion for restitution.

The order was made upon an affidavit of the respondents counsel, stating that the plaintiff's counsel had taken and refused to return certain affidavits used on the motion to compel the plaintiff to pay the amount by which the judgment was reduced by the General Term, which resulted in the making of an order of reference to a referee, to take proof and report as to the validity and justice of said claim for restitution. It was also stated therein that the affidavits so taken were exceedingly important, and were received to refresh the memory of the counsel and to guide him upon the trial before the referee.

The order appealed from directed the plaintiff's attorney to forthwith return to the clerk of the court the affidavit in question and

---

\* Decided December 31, 1886.

that all proceedings be stayed, if defendants so elect, until the plaintiff's attorney return the said affidavit to the clerk and obtain his receipt therefor.

Daniels, J. :

The order staying further proceedings upon the hearing before the referee was made because of the failure to produce and restore to the files an affidavit made by the counsel for the respondents. This affidavit related to facts bearing upon the merits of the application for restitution, and it was taken from the files to be used upon another trial, and after that it is stated to have been restored to the clerk, who, however, has no recollection of having received it, and is unable to find it on file. The court, considering that the attorney for the plaintiff was in fault for the non-production and restitution of the affidavit, stayed the proceedings on the reference until it should be produced and filed. This order, made in this manner, will have the effect of indefinitely staying the completion of the hearing before the referee, if the affidavit shall, for any reason, not be hereafter produced; and, as the reference has in part proceeded, and the evidence in favor of the appellant has been given, this would be an improper disposition to be made of the proceeding, for, instead of being stayed, it should be expedited and brought to as early a conclusion as may be practicable for the disposition of the rights of the parties included in the reference. An order to stay proceedings will in no manner promote a just disposition of the controversy between the parties. It simply has the effect of suspending their rights and excluding the possibility of such a determination without any probable prospect of the affidavit itself being produced by reason of the stay. In addition to these considerations the affidavit does not seem to be an important document to be used in the hearing before the referee. It cannot be read in evidence in proof of the facts as they are asserted to exist in the affidavit, but the person making it will necessarily be required to be sworn and examined as a witness, upon the hearing, to prove and establish these facts, and the production of the affidavit will be no otherwise important than by way of refreshing his recollection as to those facts; and it does not appear that his recollection has become so far

obscured in this short period of time as to disable him from again repeating the facts without depending upon the affidavit for that object. But if the affidavit is important as evidence before the referee, this is not the regular mode of securing its production. The law has provided a different means for the attainment of that end, and that is by issuing and serving a subpœna *duces tecum*, directing the person or persons on whom it shall be served, diligently to search for and produce the paper before the referee, and if they fail to do that, they may be examined concerning such failure and the efforts that may have been made to obtain the paper. And from the evidence secured in that manner, the referee, as well as the court, will be able to determine whether the affidavit is still in the possession or power of the attorney for the plaintiff, and if it is, then oblige him to produce it upon the hearing. If the determination should be otherwise, then the attorney will be relieved from that direction and the case will proceed regularly upon the evidence to be secured before the referee, to a final determination, and the rights of the parties adjusted and declared and carried into effect. This is the orderly course of proceeding and the one prescribed by law to secure the production of documents which may be supposed to be in the possession of a witness upon a a trial or hearing, for use as evidence in the proceeding. And it is ample for this purpose, much more so than any order staying proceedings by any possibility can be.

The order which was made should be reversed, and the motion for the stay of proceedings should be denied, without costs.

BRADY, J., concurred.

Order reversed, without costs.